UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION


v.                                                NO. 10-331


DARRYL MOORE                                      SECTION "F"


ORDER AND REASONS

Before the Court is the defendant Darryl Moore's pro se motion
for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  For
the reasons that follow, the motion is DENIED.

I.

COVID-19 has taken many lives and ruined many more, but the
opioid epidemic abetted by heroin traffickers like Darryl Moore
has been as bad or worse on both counts.  More than 760,000 people
have died from drug overdoses since 1999 - the vast majority of
those from opioids.  See U.S. DEP'T OF HEALTH & HUMAN SERVS., OPIOID
CRISIS    STATISTICS,    https://www.hhs.gov/opioids/about-the-
epidemic/opioid-crisis-statistics/index.html.  And another 1.27
million Americans currently receive medication-assisted treatment
for opioid addiction.  Id.

In 2012, Moore pled guilty to conspiring to distribute and
possess with intent to distribute a *kilogram* or more of heroin –
in addition to an array of other drug and weapons offenses.

1

Now, Moore moves this Court for an early termination of his associated 144-month prison sentence in light of the health threat posed by the COVID-19 pandemic.  Because the Government concedes that Moore has exhausted his administrative remedies, the sole and dispositive issue raised by Moore's motion is whether "extraordinary and compelling reasons warrant [Moore's proposed sentence reduction]," "after considering the factors set forth in section 3553(a) to the extent they are applicable."  See 18 U.S.C. § 3582(c)(1)(A)(i).

II.

Although Moore is impressively well-versed in the legal standards pertaining to his motion, his proposed sentence reduction is not warranted by extraordinary and compelling reasons.

In addition to generalized concerns regarding the virus,[1] Moore cites his hypertension as the only "serious medical condition" "that place[s] him at significantly higher risk for severe illness or even death if he contract[s] COVID-19."  Mot. at 13.  To be sure, if it were indeed true that hypertension alone places an individual at a legally sufficient risk of experiencing

---

[1]     As courts have repeatedly held, generalized concerns about the spread of COVID-19 do not justify compassionate release.  See, e.g., United States v. Williams, 2020 WL 5311383, at *1 (E.D. La. Sept. 4, 2020).

a dire case of COVID-19, then Moore could well have a strong case for compassionate release under the governing legal standard.

Unfortunately for Moore, this is simply not the case in either reality or law.  As Moore admits, an incarcerated defendant's infliction with hypertension in the era of COVID-19 is not "squarely" denoted by applicable policy statements as an extraordinary and compelling reason for compassionate release. See id. at 10.  And the facts informing that determination have prompted this district court and many others to consistently find that "hypertension does not amount to an extraordinary or compelling reason for release," despite the continued spread of COVID-19.  United States v. Chambers, 2020 WL 4260445, at *4 (E.D. La. July 24, 2020) (collecting cases).

                              *      *      *

Moore's measured, fair, well-researched, and well-written motion befits a man of abundant capacity to learn from and atone for his mistakes.   However, Moore has failed to present an "extraordinary and compelling reason[]" for the immediate termination of the prison sentence he rightfully earned for actions that *severely* jeopardized the health and well-being of countless fellow citizens who used the drugs he conspired to supply to initiate or further a life-threatening opioid addiction.

This finding compels the Court's denial of Moore's motion.

Accordingly, IT IS ORDERED: that the defendant's motion is DENIED without prejudice to the defendant's ability to re-file as changing circumstances may warrant.

New Orleans, Louisiana, November 17, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE